IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| GARY LEE ENZLER,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 19-39-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Gary Enzler's application for writ of habeas corpus under 28 U.S.C. § 2254. Enzler, a state prisoner proceeding *pro se*, moved to proceed in forma pauperis.

On June 26, 2019, Enzler was ordered to submit a statement of his inmate trust account covering a period of at least six months. *See* Order (Doc. 4). He submitted a statement covering less than one month. *See* Account Statement (Doc. 5) at 1. On July 26, however, he complied with the Order. *See* Account Statement (Doc. 7) at 1–12. He demonstrates he is not able to pay all costs that may be associated with this action. His motion to proceed in forma pauperis will be granted.

1

On July 15, 2019, Enzler was advised his allegations could not be litigated in a habeas petition but must be brought in a civil lawsuit under 42 U.S.C. § 1983. He was briefly advised that different legal requirements would apply to an action under § 1983 and also that the filing fee would be significantly higher. He was given an opportunity to decide whether to convert his habeas petition to an action under § 1983. *See* Order (Doc. 6) at 2–4; *Nettles v. Grounds*, 860 F.3d 922, 935–36 (9th Cir. 2016) (en banc).

Enzler responded on July 26, 2019. His response is heated and uncivil but pertinent and rational. He does not say he wishes to convert his habeas petition to a complaint under § 1983. *See* Resp. to Order (Doc. 8) at 1–4.

Enzler's allegations are serious. He contends the prison mental health care system is so defective that he is "simply . . . denied mental health treatment." Pet. (Doc. 1) at 2; *cf. Disability Rights Montana, Inc. v. Batista*, No. 15-35770, slip op. at 14–18 (9th Cir. July 19, 2019). He asks for an order directing the State "to take the Petitioner to an inpatient mental health care provider." *Id.*

The question is whether Enzler may pursue this claim in a habeas action under 28 U.S.C. § 2254 or whether he must instead proceed under 42 U.S.C. § 1983, as the plaintiffs in *Disability Rights Montana* are doing. In the Ninth Circuit, these "two main avenues to relief on complaints related to imprisonment," 28

2

U.S.C. § 2254 and 42 U.S.C. § 1983, are mutually exclusive. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc).

Actions that terminate custody, accelerate the future date of release from custody, or "reduce the level of custody" fall "within the core of habeas corpus" and must be brought under 28 U.S.C. § 2254. *Id.* at 936 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring), and *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). But "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Nettles*, 860 F.3d at 927. The distinction matters, and not just because the filing fee is different. A habeas petitioner must exhaust state judicial remedies, whereas a § 1983 plaintiff must exhaust administrative remedies within the prison. A habeas petitioner must name his custodian as the respondent, but a § 1983 plaintiff might sue anyone involved in the violation of his rights. Different forms of relief are available to a habeas petitioner and to a § 1983 plaintiff.

The specific relief Enzler requests suggests he seeks a change in the fact or level of his custody. (This would be clearer if he asked to be taken to an outpatient rather than an inpatient mental health care provider. He mentions outpatient care as a "necessary element[]" of adequate mental health care. *See* Pet. at 1.) But the form of relief requested does not determine whether a prisoner must proceed under

§ 2254 or § 1983.  In general, "[i]f the prisoner's claim challenges the fact or duration of the conviction or sentence," it must be brought in habeas, "while if the claim challenges any other aspect of prison life," a civil lawsuit under § 1983 is the only course available.  *See Nettles*, 860 F.3d at 934.

The key is whether Enzler's success in proving his claim would *necessarily* lead to earlier release or a reduced level of custody.  A prisoner's success in proving any claim related to imprisonment *could* lead to earlier release, *see* 18 U.S.C. § 3626(a)(3); *Brown v. Plata*, 563 U.S. 493, 502 (2011), but to proceed in habeas, a prisoner must be able to say his success will "*necessarily* lead to his immediate or [at least] earlier release from confinement," *Nettles*, 860 F.3d at 935 (emphasis added).

Enzler's petition does not directly challenge the fact or duration of his conviction or sentence or the level of his custody.  And if he succeeds in proving he is not receiving adequate mental health care, he might obtain treatment outside prison walls, but he might instead obtain adequate care in the same custodial setting where he is now incarcerated.  Enzler's success in proving an Eighth Amendment violation would not *necessarily* lead to earlier release or a reduced level of custody.  His allegations fall outside the core of habeas corpus.  *See Nettles*, 860 F.3d at 935.  He must proceed under § 1983.

4

Enzler asserts that his mental health is "directly linked" to his "ongoing innocent incarceration." Resp. to Order (Doc. 8) at 4. That is true. If Enzler had not been convicted and incarcerated, he would not be a prisoner dependent on prison staff for adequate mental health care. But that cannot be enough to bring all prisoner claims within the scope of habeas corpus, or § 1983 would not apply to prisoner claims at all. *Nettles* rejects that possibility. Enzler's response might mean his poor mental health proves he was convicted and incarcerated despite his innocence, but he does not make that allegation in his petition (Doc. 1).[1]

As Enzler has already been offered and has rejected an opportunity to convert his habeas petition to a complaint under § 1983, his petition should be dismissed.

A certificate of appealability should be denied. Enzler makes a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), but there is no reasonable basis to question the procedural ruling, *see Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The case is clearly controlled by *Nettles*.

---

[1] Enzler has already litigated one habeas petition challenging the validity of his conviction. *See Enzler v. Fender*, No. CV 16-100-H-DLC-JTJ (D. Mont. judgment entered and certificate of appealability denied Dec. 19, 2018). The Ninth Circuit denied a certificate of appealability on May 22, 2019. Enzler may not file a second habeas petition challenging his conviction or sentence unless he obtains the Ninth Circuit's leave to do so. *See* 28 U.S.C. § 2244(b).

5

Based on the foregoing, the Court issues the following:

## ORDER

Enzler's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The clerk shall waive payment of the filing fee.

The Court also enters the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED as improperly filed under 28 U.S.C. § 2254.

2. The clerk should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Enzler may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[2] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

<u>Enzler must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 31st day of July, 2019.

                                    */s/ John Johnston*
                                    John Johnston
                                    United States Magistrate Judge